**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**GREGORY D. JONES,**

       **Plaintiff,**

v.                            **Case No. 25-cv-00531-SPM**

**JOHN DOE 4, and
JOHN BARWICK,**

       **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a "Motion for Injunction" filed by Plaintiff Gregory Jones. (Doc. 61). Plaintiff describes his case as proceeding on claims of cruel and unusual punishment and due process violations against Defendant Vaughn and wardens at Pinckneyville Correctional Center for placing him in segregation in response to his request for protective custody in November 2024. (*Id.* at p. 1). He states that on June 10, 2026, Defendants again committed the same offense by placing him back in disciplinary segregation in response to his recent request for protective custody. (*Id.*). Plaintiff observes that this case is set for a settlement conference before Magistrate Judge Beatty on July 9, 2026. (*See* Doc. 59). He asserts that a "settlement conference is tantamount to a 'likely victory; for [him]." (Doc. 61, p. 1). Plaintiff therefore asks for the Court to issue an order directing his immediate release from disciplinary segregation. (*Id.*). The Court construes the Motion for Injunction as a motion for a preliminary injunction. For the following reasons, the Motion will be denied.

To obtain a preliminary injunction, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citations omitted).

Page 1 of 2

All three requirements must be satisfied before the Court can consider whether preliminary injunctive relief is warranted. Plaintiff has not met this high burden. Notably, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim in this case.

Plaintiff's characterization of this case as proceeding on claims for his placement in segregation in 2024 in violation of the Eighth and Fourteenth Amendment is incorrect. The Court previously dismissed these claims (Counts 1 and 2) as not properly pled. (*See* Doc. 8, p. 4-7). Currently, Plaintiff is only proceeding on an Eighth Amendment claim against John Doe 4, the warden over cell placement, for failing to respond to Plaintiff's request for protective custody (Count 4). (*Id.* at p. 7-8). When ruling on Plaintiff's first motion seeking emergency injunctive relief, the Court concluded that Plaintiff had not presented any evidence to substantiate his claim that John Doe 4 was aware of and disregarded the threats to his safety. (*See* Doc. 28). He therefore had not met his burden of showing a likelihood of succeeding on the merits of his claim, and the motion was denied. (*Id.*).

Again, Plaintiff has not shown that he is likely to succeed on the merits of his Eighth Amendment failure to protect claim against John Doe 4. In fact, he does not address this claim at all in the Motion for Injunction. While the parties may settle this case, the likelihood of a settlement is not the same as a likelihood of success on the merits of a claim. As the Seventh Circuit has observed, even if a suit is groundless, "there are reasons for parties to settle that are wholly unrelated to the substance and issues involved in the litigation." *Fisher v. Kelly,* 105 F.3d 350, 353 (7th Cir. 1997). Because Plaintiff has failed to show that his underlying case has some likelihood of success, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 24, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**